

**NUMBERS 13-18-00353-CR AND 13-18-00354-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**CHARLES NICKOLOUS LINZEY,**                                 **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                            **Appellee.**

---

On appeal from the 33rd District Court
of Burnet County, Texas.

---

# O R D E R

**Before Chief Justice Contreras and Justices Benavides and Hinojosa
Order Per Curiam**

These causes are before the Court on appellant's amended motion to abate or to

extend time to file brief. [1]  State's Exhibit Number 41, an audio recording, is not included

---

[1] This case is before the Court on transfer from the Third Court of Appeals in Austin pursuant to a docket equalization order issued by the Supreme Court of Texas.  *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2017 1st C.S.).

in the reporter's record.   The Court reporter has notified this Court that she has reviewed the original Exhibit 41 and the file does not function and is unable to be copied.   Appellant is requesting that this Court abate these appeals so the defect in the record may be cured by replacement of the exhibit or agreement of the parties.

Appellant's motion is GRANTED.   These appeals are ABATED and the matter is REMANDED to the trial court.   In accordance with Texas Rule of Appellate Procedure 34.6(f)(4), the trial court is directed to conduct a hearing to determine:   (1) if the appellant has timely requested a reporter's record; (2) if, without the appellant's fault, a significant exhibit or a significant portion of the court reporter's notes and records has been lost or destroyed or - if the proceedings were electronically recorded - a significant portion of the recording has been lost or destroyed or is inaudible; (3) if the lost, destroyed, or inaudible portion of the reporter's record, or the lost and destroyed exhibit, is necessary to the appeal's resolution; and (4) if the lost, destroyed, or inaudible portion of the reporter's record cannot be replaced by agreement of the parties, or the lost or destroyed exhibit cannot be replaced either by agreement of the parties or with a copy determined by the trial court to accurately duplicate with reasonable certainty the original exhibit.   *See* TEX. R. APP. P. 34.6(f).

The trial court is directed to forward the record of the proceedings, including any orders and findings, to this Court within thirty (30) days of the date of this order, or to notify this Court within such period indicating a date by which the trial court can comply.

Appellant's motion for extension of time to file the brief is hereby GRANTED pending resolution of the matters referenced herein.

2

It is so ordered.

PER CURIAM

Delivered and filed the
22nd day of April, 2019.